UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Santosh R. Nayar,
 Petitioner

vs.            Case No. 1:08cv652
               (Beckwith, S.J.; Hogan, M.J.)

Warden, Chillicothe
Correctional Institution,
 Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 3), respondent's "Answer/Return Of Writ" with exhibits (Doc. 7), and petitioner's reply and supplemental replies to the return of writ (Docs. 9, 12, 13).

### Procedural Background

On November 6, 2006, the Lawrence County, Ohio, grand jury returned an indictment charging petitioner with two counts of retaliation in violation of Ohio Rev. Code § 2921.05(A). (Doc. 7, Ex. 1). The charges stemmed from two separate incidents in October 2006 involving petitioner's purported threats to kill an assistant Lawrence County prosecuting attorney who had participated in a prior prosecution of petitioner for indecent exposure and disorderly conduct. (*See id.*, Ex. 9, pp. 1, 3-4).

After a jury trial, petitioner was found guilty as charged. (*See id.*, Exs. 2-3). In a final Judgment Entry filed January 22, 2007, petitioner was sentenced to

concurrent four (4) year prison terms. (*Id.*, Ex. 4).

With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, Fourth Appellate District, asserting six assignments of error:

1. The State of Ohio failed, as a matter of law, to prove or produce evidence on all essential elements of the crime of retaliation.

2. The jury verdicts finding the Defendant guilty of two counts of retaliation were against the manifest weight of the evidence.

3. The Trial Court[] abused its discretion[] when it denied the Defendant the right to fully cross examine the State's witnesses.

4. The Defendant received ineffective assistance of counsel when counsel failed to subpoena witnesses needed for the Defendant's case.

5. The Trial Court abused its discretion when it denied the Defendant's request to continue the trial.

6. The Trial Court erred as a matter of law by failing to sentence the Defendant as required under Ohio law.

(*Id.*, Exs. 5-6). On November 7, 2007, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 5).

Petitioner did not pursue a timely appeal to the Ohio Supreme Court. Instead, nearly six months later, on May, 2, 2008, the Clerk of the Ohio Supreme Court first "received" petitioner's *pro se* notice of appeal,[1] which was subsequently "filed"

---

[1] Petitioner has submitted evidence showing that he first attempted to file his motion for delayed appeal to the Ohio Supreme Court via a cover letter dated April 28, 2008 addressed to the Clerk of Court. (Doc. 9, "Annexure I"). These pleadings apparently were "received" on May 2, 2008, but were not filed and were returned to petitioner by letter dated May 5, 2008, because they failed to comply with the published Rules of Practice of the Supreme Court of Ohio in that (1) they did "not contain a certificate of service as required by Rule XIV, Section 2(C);" (2) a "copy of the court of appeals opinion and the judgment entry being appealed [wa]s not attached to [the] motion for delayed appeal as required by Rule II, Section 2(A)(4)(a);" and (3)

2

together with a motion for delayed appeal on June 16, 2008. (*See id.,* Exs. 10-11).

In his motion for delayed appeal, petitioner claimed as "cause" for his delay in filing that between November 20, 2007 and March 2008, he sent a minimum of seven letters to an assistant Ohio Public Defender requesting assistance in preparing an appeal to the Ohio Supreme Court; he contended that he "acted with all due diligence" after "[r]ealizing the futility of writing the state public defender's office" by contacting the Lawrence County Clerk of Courts in February 2008 to obtain a copy of the trial transcript and in "[w]orking against all odds, a[midst] a sea of unknown legal maze, and with limited resources of legal help and time allowed in the law library," in preparing the appeal on his own. (*Id.,* Ex. 11).

On August 6, 2008, the Ohio Supreme Court denied petitioner's motion for delayed appeal without opinion. (*Id.,* Ex. 12).

Petitioner next commenced the instant federal habeas action in September 2008. In the petition, petitioner alleges as grounds for relief the same six claims of error that were raised on direct appeal to the Ohio Court of Appeals. (*See* Doc. 3; *see also* Doc. 1, Habeas Petition "Annexure II"). In the return of writ, respondent contends that petitioner has waived his claims for relief due to his procedural default in failing to file a timely appeal to the Ohio Supreme Court. (Doc. 7, Brief, pp. 9-13).

## OPINION

### Petitioner Has Waived His Grounds For Relief Due To His Procedural Default In Failing To File A Timely Appeal To The Ohio Supreme Court

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404

---

petitioner's memorandum in support of jurisdiction was "premature" under Rule II, Section 2(A)(4)(b). (*Id.,* "Annexure II").

U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this case, petitioner presented his six grounds for relief on direct appeal to the Ohio Court of Appeals. However, as respondent has pointed out, he committed a procedural default by failing to timely appeal the Ohio Court of Appeals' decision overruling his assignments of error and affirming the trial court's judgment to the Ohio Supreme Court.

Petitioner attempted to obtain a delayed appeal, at the earliest approximately six months after the Court of Appeals issued its decision on direct appeal. However, it is well-settled in the Sixth Circuit that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal "constitutes a[n adequate and independent state] procedural ruling sufficient to bar federal court review of [the] habeas corpus petition." *Bonilla v. Hurley*, 370 F.3d 494, 497(6th Cir.) (per curiam), *cert. denied*,

543 U.S. 989 (2004); *see generally Harris*, 489 U.S. at 260-62.[2]  In so holding, the Sixth Circuit reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla,* 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein).

As the Sixth Circuit stated in *Bonilla,* "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to [such] an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Id.* (quoting *Coleman,* 501 U.S. at 750).

Petitioner has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. Although petitioner has alleged the evidence is insufficient to support his conviction, establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999).

Petitioner also has failed to establish "cause" for his procedural default in the state courts.

In both his "traverse" brief and his motion for delayed appeal to the Ohio Supreme Court of Ohio, petitioner has argued as "cause" for his procedural default

---

[2]Under well-established Supreme Court case-law, a federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813. In *Bonilla,* 370 F.3d at 497, the Sixth Circuit held that the Ohio Supreme Court's denial of a motion for delayed appeal is an adequate and independent state procedural ruling, which falls under this doctrine and precludes federal habeas review of the merits of the petitioner's claims absent a showing of cause and prejudice or that failure to consider the claims will result in a fundamental miscarriage of justice.

5

that he was unable to obtain requested legal assistance in perfecting a timely appeal, had "limited access" to the prison law library, and had little knowledge of the law to prepare a timely appeal on his own; he also suggests that he needed time to obtain a copy of the trial transcript and that he was unable to file a timely appeal because of the Ohio Public Defender's Office failure to respond to his numerous letters requesting assistance in preparing an appeal to the Ohio Supreme Court. (Doc. 7, Ex. 11; Doc. 9). However, none of these arguments establish cause sufficient to excuse petitioner's procedural default.

In *Bonilla*, 370 F.3d at 498, the Sixth Circuit specifically rejected similar arguments for "cause" as follows:

> ....First, [petitioner's] pro se status before the Ohio Supreme Court is insufficient to establish cause to excuse his procedural default. *See Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Second, [petitioner's] ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default. *See id*....
>
> Third, [petitioner's] mistaken belief that he required a complete copy of his trial transcripts prior to filing a notice of appeal with the Ohio Supreme Court does not establish cause to excuse his procedural default. *See id.* Fourth, the fact that [petitioner's] time in the prison law library was limited ... was insufficient to establish cause to excuse his procedural default. Additionally, [petitioner] does not indicate why he required additional time to conduct legal research and how the limited law library time prevented him from filing a timely notice of appeal....

Petitioner has submitted a letter dated September 20, 2007 that an assistant Ohio Public Defender sent to him, wherein counsel stated that review of petitioner's case "for ineffective assistance of appellate counsel, if you so desire," would be warranted should his appeal to the Ohio Court of Appeals "prove unsuccesful." (Doc. 9, "Annexure III"). Contrary to petitioner's contention (*see id.*, Brief, p. 2), this statement did not amount to a "promise" by the assistant Ohio Public Defender to assist petitioner in preparing and filing a timely appeal to the Ohio Supreme Court upon the affirmance of his conviction by the Ohio Court of Appeals. In any event, petitioner has not explained why he waited several months after the expiration of the 45-day appeal period to attempt to bring a *pro se* appeal.

6

As in *Bonilla,* petitioner has not explained why he did not file a timely *pro se* notice of appeal, but instead continued to write to the Ohio Public Defender's Office despite its lack of response to any of his requests for assistance in bringing an appeal to the Ohio Supreme Court;[3] nor has petitioner explained why he required additional time to conduct further legal research pertaining to the issues that had already been argued by his appellate counsel on direct appeal, or how any limitations on his access to the prison law library's legal materials actually prevented him from filing a timely appeal.

Accordingly, in sum, in the absence of a showing of "cause" or that a fundamental miscarriage of justice will occur if petitioner's claims are not considered by this Court, the undersigned **RECOMMENDS** that petitioner's petition for writ of habeas corpus be **DENIED** with prejudice on the procedural ground that petitioner has waived his claims for relief due to his procedural default in failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85

---

[3]Indeed, in one of the letters dated December 11, 2007 that he apparently sent to the assistant Ohio Public Defender, petitioner specifically mentioned that "an early reply would be highly appreciated" because he had "only 45 days from November 7th," the date the Ohio Court of Appeals entered its decision on direct appeal, and that "our cut-off date is Dec. 22nd" for filing an appeal to the Ohio Supreme Court. (*See* Doc. 13, "Annexure III"). Therefore, petitioner was well-aware that a notice of appeal had to be filed by December 22, 2007, and has not explained why he did not take action on his own when he received no response to his letters by the deadline date.

(2000).[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 10/27/09
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\08-652denypet.waiv-Bonilla.wpd

---

[4]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Santosh R. Nayar,
       Petitioner,

v.

Warden, Chillicothe
Correctional Institution,
       Respondent.

Case No. 1:08cv652
(Beckwith, S.J.; Hogan, M.J.)

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Santosh R. Nayar<br>A539546<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4339 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:08cv652 (Doc. 14)